UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TOMMIE LEE BAKER, III,

Plaintiff,

v.

R. BATTAD AND O. ARIZAGA,

Defendants.

Case No.: 19CV1438-AJB (BLM)

**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**[ECF No. 6]**

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California. For the following reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED IN PART**.

**PROCEDURAL BACKGROUND**

On July 31, 2019, Plaintiff Tommie Lee Baker, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants R. Battad and O. Arizaga alleging claims under the First and Eighth Amendments. ECF No. 1 ("Compl"). On October 30, 2019, Defendants filed a motion to dismiss Plaintiff's

1

complaint due to "Plaintiff's failure to exhaust administrative remedies prior to filing suit" and alternatively, on the ground that it fails to state a claim for which relief may be granted. ECF No. 6 ("MTD"). On October 31, 2019, the Court issued a briefing schedule. ECF No. 8. In accordance with that schedule, Plaintiff opposed the motion on December 10, 2019 and Defendants replied on December 18, 2019. ECF Nos. 9 ("Oppo.") and 12 ("Reply"). In their reply, Defendants withdrew their motion to dismiss the complaint on the ground that it was not exhausted. Reply at 1-2.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that he suffered cruel and unusual punishment on May 30 and 31, 2019 when he was sexually harassed by Defendant Battad. Compl. at 3. Plaintiff claims that on those days Defendant Battad informed Plaintiff that "he wanted to suck [Plaintiff's] penis." Id. After hearing that, Plaintiff immediately submitted an emergency 7362 form with a request to see his psychologist. Id. Plaintiff next alleges that on July 4, 2019 he went to the office to turn in paperwork and Defendant Battad entered the office, closed the door, said "let me see your hot dog[,]" and grabbed his own zipper while saying "I'm going to show you mine." Id. Plaintiff told Defendant Battad to stop and Defendant Battad threatened to provide negative reviews of Plaintiff so that he would stay in prison longer if Plaintiff refused his sexual advances. Id. At that moment, Officer Ramirez opened the office door and Defendant Battad removed his hands from his zipper. Id. Plaintiff thanked Officer Ramirez for stopping Defendant Battad. Id. Plaintiff alleges that he has suffered psychological harm, physical pain, mental anguish, and misery from Defendant Battad's sexual harassment and that Plaintiff has had to medicate himself by cutting. Id.

Plaintiff further alleges that Defendants Battad and Arizaga retaliated against him for filing complaints against Defendant Battad. Id. at 4. Specifically, after filing a 602 regarding Defendant Battad's behavior on July 4, 2019, Defendant Arizaga prevented Plaintiff from going to work on July 5, 2019. Id. Plaintiff claims Defendant Arizaga said Defendant Battad told Defendant Arizaga to prohibit Plaintiff from working "because what happened yesterday." Id. Plaintiff took this to be a reference to his rejection of Defendant Battad's sexual advances. Id.

2

1 Plaintiff explained to Defendant Arizaga that he was sexually harassed yesterday and that the

2 decision to not allow him to work today was retaliation.  Id.  Defendant Arizaga still refused to

3 allow Plaintiff to work.  Id.  Plaintiff returned to his cell and completed another 602 describing

4 the retaliation.  Id.  On July 12, 2019,  Plaintiff described the sexual harassment and retaliation

5 that he had suffered to Sergeant J. Fountain.  Id.  That day and the following day, Plaintiff was

6 unable to get to work on time "because [Defendant] Battad said so."  Id.  Defendant Battad told

7 Plaintiff he was a snitch and that Defendant Battad would "make [Plaintiff] pay."  Id.  Plaintiff

8 next alleges that Defendant Battad issued a false Rules Violations Report ("RVR") accusing

9 Plaintiff of disciplinary violations.  Id.  Plaintiff reported his allegations to Captain Martinez and

10 Lieutenant Vandertide[1] on July 17, 2019.  Id.  Finally, Plaintiff alleges that he was denied wages

11 that he earned as part of Defendant Battad's retaliation.  Id.

## **FAILURE TO STATE A CLAIM**

13 Defendants argue that Plaintiff has failed "to allege facts supporting an Eighth

14 Amendment claim against Defendant Battad, or a First Amendment claim for retaliation against

15 Defendant Arizaga."  MTD at 3.  Plaintiff contends that he has stated a claim as evidenced by

16 the fact that his complaint survived initial screening.  Oppo. at 2.

17 A.    Legal Standard

18 Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and

19 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

20 "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

21 demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Ashcroft

22 v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

23 (2007)).

24 A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.

25 See Fed. R. Civ. P. 12(b)(6).  The issue is not whether the plaintiff ultimately will prevail, but

26 whether he has properly stated a claim upon which relief could be granted.  Jackson v. Carey,

27

28 [1] This name may be misspelled.

1  353 F.3d 750, 755 (9th Cir. 2003).  In order to survive a motion to dismiss, the plaintiff must

2  set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

3  on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  If the facts alleged in

4  the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied

5  the plausibility standard.  Id. (quoting Twombly, 550 U.S. at 557).  Rather, "[a] claim has facial

6  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

7  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing

8  Twombly, 550 U.S. at 556).

9      When a plaintiff appears *pro se*, the court must be careful to construe the pleadings

10 liberally and to afford the plaintiff any benefit of the doubt.  See Erickson v. Pardus, 551 U.S.

11 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  This rule of liberal

12 construction is "particularly important" in civil rights cases.  Hendon v. Ramsey, 528 F. Supp. 2d

13 1058, 1063 (S.D. Cal. 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992));

14 see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal

15 incorporated the Twombly pleading standard and Twombly did not alter the courts' treatment

16 of *pro se* filings; accordingly we continue to construe *pro se* filings liberally . . . ."  This is

17 particularly important where the petitioner is a *pro se* prisoner litigant in a civil matter).  When

18 giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted

19 to "supply essential elements of the claim[] that were not initially pled."  Easter v. CDC, 694 F.

20 Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska,

21 673 F.2d 266, 268 (9th Cir. 1982)).  "Vague and conclusory allegations of official participation

22 in civil rights violations are not sufficient to withstand a motion to dismiss."  Id. (quoting Ivey,

23 673 F.2d at 268).

24      The court should allow a *pro se* plaintiff leave to amend his or her complaint, "unless the

25 pleading could not possibly be cured by the allegation of other facts."  Ramirez v. Galaza, 334

26 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks and citations omitted).  Moreover,

27 "before dismissing a pro se complaint the district court must provide the litigant with notice of

28 the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to

4

1  amend effectively." <u>Ferdik</u>, 963 F.2d at 1261.

2       To state a claim under § 1983, a plaintiff must allege facts sufficient to show that (1) a

3  person acting under color of state law committed the conduct at issue, and (2) the conduct

4  deprived the plaintiff of some "rights, privileges, or immunities" protected by the Constitution of

5  the laws of the United States.  42 U.S.C. § 1983.  To prevail on a § 1983 claim, "a plaintiff must

6  demonstrate that he suffered a specific injury as a result of specific conduct of a defendant and

7  show an affirmative link between the injury and the conduct of the defendant." <u>Harris v. Schriro</u>,

8  652 F. Supp. 2d 1024, 1034 (D. Ariz. 2009) (citation omitted).  A particular defendant is liable

9  under § 1983 only when the plaintiff proves he participated in the alleged violation.  <u>Id.</u>

10       B.    <u>Discussion</u>

11       Defendants argue that Plaintiff has not alleged facts showing that Defendant Battad

12  violated the Eighth Amendment and that even if Plaintiff's Eighth Amendment rights were

13  violated, Defendant Battad is entitled to qualified immunity.  MTD at 7 and 9.  Defendants further

14  argue that Plaintiff fails to allege facts sufficient to support a finding that Defendant Arizaga

15  retaliated against Plaintiff.  <u>Id.</u> at 10.  Plaintiff contends that he has stated a claim as to both

16  Defendant Battad and Defendant Arizaga and notes that his complaint survived the initial

17  screening process.  Oppo. at 2-3.  Plaintiff further contends that Defendant Battad is not entitled

18  to qualified immunity for his actions which "violated a constitutional right and clearly established

19  statutory [rights]." <u>Id.</u> at 2.

20       1.    <u>Initial *Sua Sponte* Screening</u>

21       Plaintiff contends that he has not failed to state a claim for relief as evidenced by the fact

22  that Judge Battaglia found that his complaint "contains 'sufficient factual matter, accepted as

23  true,' to state First and Eighth Amendment claims for relief, and therefore, sufficient to survive

24  the screening pursuant to 28 U.S.C. 1995(e)(2), 1915A(b) and FRCP 12(b)(6)."  Oppo. at 2.

25  Defendants reply that "Plaintiff mistakenly relies on the Court's screening order and self-

26  defeating case law in an attempt to bolster his Eighth Amendment claim."  Reply at 2.

27       Plaintiff's argument fails.   "[T]he sua sponte screening and dismissal procedure is

28  cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant]

may choose to bring." Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); see also Bradford v. Khamooshian, 2019 WL 337179, at *2 (S.D. Cal., Jan. 28, 2019) (finding that plaintiff's argument that his complaint could not be dismissed because "the [c]ourt has already screened his Complaint and thus determined it states a claim" fails.) (quoting Teahan, 481 F. Supp. 2d at 1119). The fact that Plaintiff survived initial screening does not determine the outcome of Defendants' current motion to dismiss. Accordingly, the Court will review and provide a recommended ruling on Defendants' motion to dismiss.

### 2.    Sexual Harassment - Defendant Battad

Plaintiff alleges that Defendant Battad sexually harassed him and violated his Eighth Amendment right to be free from cruel and unusual punishment. Comp. at 3. Defendants argue that Plaintiff fails to sufficiently allege facts demonstrating that Defendant Battad violated the Eighth Amendment and that regardless, Defendant Battad is entitled to qualified immunity on Plaintiff's claim. MTD at 7-10.

### a.    Sexual Harassment

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.2000) ("In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse....")). To evaluate a Plaintiff's harassment claim, a court must consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). The first prong is a subjective evaluation and "[c]ourts presume sufficient culpability if there is "no legitimate penological purpose for a prison official's conduct." Roberts v. Beard, 2018 WL 4561379, at *3–4 (S.D. Cal., Sept. 24, 2018) (quoting Wood, 692 F.3d 1041 at 1050). For the second prong, "proof of a physical or psychological injury is not required; '[r]ather, the only requirement is that the officer's actions be 'offensive to human dignity.'" Id. (citing Wood, 692 F.3d 1041 at 1050).

"A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment

6

only if the alleged harassment was sufficiently harmful, that is, a departure from 'the evolving standards of decency that mark the progress of a maturing society,' and the defendant acted with intent to harm the prisoner." Bealer v. Warden of Kern Valley State Prison, 2018 WL 4191869, at *2 (E.D. Cal., Aug. 31, 2018) (quoting Minifield v. Butikofer, 298 F.Supp.2d 900, 903 (N.D. Cal. 2004)). Generally, claims of verbal sexual harassment alone are insufficient to state a claim for violation of the Eighth Amendment. Id. (citing Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (verbal harassment generally does not violate the Eighth Amendment); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (guard rubbed his thigh against inmate's thigh while he was on the toilet, "began smiling in a sexual contact [sic]," and left the cell laughing not sufficient to state a claim); Minifield, 298 F.Supp.2d at 903 (verbal harassment and abuse insufficient to state a claim)). In reaching that conclusion, courts have determined that verbal conduct does not satisfy the "unnecessary and wanton infliction of pain" standard under the Eighth Amendment. Rojas v. Brown, 2018 WL 4183269, at *18–19 (E.D. Cal., Aug. 30, 2018) (citing Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary adjudication in favor of the prison officials where "the only arguably sexually harassing conduct... was verbal"); Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998) (allegations that a county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); Zander v. McGinnis, 1998 U.S. App. LEXIS 13533, 156 F.3d 1234, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (finding a prisoner's claim that a guard called him "pet names" for ten months failed to support an Eighth Amendment claim "because allegations of verbal abuse do not rise to the level of a constitutional violation")).

While verbal harassment alone typically is insufficient to state an Eighth Amendment violation, verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Cox v.

7

1    Kernan, 2019 WL 6840136, at *5 (E.D. Cal., Dec. 16, 2019) (quoting Keenan, 83 F.3d 1083 at

2    1092) (finding that plaintiff did not present evidence that comments from the prison guards

3    "were unusually gross even for a prison setting and were calculated to and did cause him

4    psychological damage[,]" where plaintiff alleged only that the comments denied him "peace of

5    mind.")); see also Reed v. Racklin, 2019 WL 4745266, at *4 (E.D. Cal., Sept. 30, 2019) ("a claim

6    based on verbal harassment can succeed if the offending comments were 'gross even for a

7    prison setting and were calculated to and did cause [plaintiff] psychological damage.') (citing

8    Keenan, 83 F.3d at 1092 and Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)).

9         Accepting as true Plaintiff's version of events, Defendant Battad made at least three highly

10   inappropriate comments to Plaintiff that were sexual in nature but did not physically touch

11   Plaintiff.  Compl.  The comments alleged by Plaintiff while inappropriate, are not unusually gross

12   for a prison setting.   Courts have found comments similar to or worse than those made by

13   Defendant Battad not to be unusually gross for a prison setting.   See Nanez v. Creswell, 2018

14   WL 3432830, at *2  (W.D. Wash., June 26, 2018) (recommending defendants' motion to dismiss

15   be granted where plaintiff claimed defendant told him "I would tell you to eat a shoe but you

16   already did so go eat a big dick sandwich. You probably suck dick!" and plaintiff claimed he

17   began to self-harm as a result); see also Reed, 2019 WL 4745266, at *4-*5 (finding that

18   correctional counselor's alleged question to plaintiff, "Do you think you could jack me off in the

19   blink of an eye?[,]" was not "gross even for a prison setting" and noting that "[s]tatements and

20   actions similar to and worse than those alleged here have been found not extreme enough to

21   violate the Eighth Amendment") (citing Austin v. Terhune, 367 F.3d 1167, 1171-172 (9th Cir.

22   2004) (prison official exposing himself to plaintiff for thirty to forty seconds was not sufficiently

23   serious to constitute Eighth Amendment violation); Somers v. Thurman, 109 F.3d 614, 624 (9th

24   Cir. 1997) (prison officials' gawking, pointing, and joking during plaintiff's cavity searches and

25   showers did not violate the Eighth Amendment; to find otherwise would "trivialize the objective

26   component of the Eighth Amendment and render it absurd."); and Keenan, 83 F.3d at 1092

27   (finding "disrespectful and assaultive comments" made by prison guards did not violate Eighth

28   Amendment)).

8

1   Because verbal harassment alone is insufficient to state an Eighth Amendment

2   constitutional violation unless the harassment is "unusually gross even for a prison setting" and

3   Plaintiff has not alleged such harassment, the Court **RECOMMENDS** that Defendants' motion

4   to dismiss for failure to state an Eighth Amendment claim against Defendant Battad be

5   **GRANTED WITH LEAVE TO AMEND**. See Patrick v. Martin, 402 F. App'x 284, 285 (9th Cir.

6   2010) (sexual harassment claim based on verbal harassment insufficient to state a claim under

7   § 1983).

8                    b.      Qualified Immunity

9        Defendants argue that even if Defendant Battad violated Plaintiff's Eighth Amendment

10  rights, he is entitled to qualified immunity.  MTD at 9-10.   Plaintiff contends that Defendant

11  Battad is not entitled to qualified immunity because he knew that his actions were wrong as

12  evidenced by how quickly he removed his hands from his zipper when another officer entered

13  the office.  Oppo. at 2.

14       Qualified immunity shields government officials performing discretionary functions from

15  liability for civil damages unless their conduct violates clearly established statutory or

16  constitutional rights of which a reasonable person would have known.  Anderson v. Creighton,

17  483 U.S. 635, 638-40 (1987).  "Qualified immunity is 'an entitlement not to stand trial or face

18  the other burdens of litigation.'"  Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v.

19  Forsyth, 472 U.S. 511, 526 (1985)), abrogated on other grounds by Pearson v. Callahan, 555

20  U.S. 223 (2009).  This privilege is "an immunity from suit rather than a mere defense to liability;

21  and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to

22  trial."  Id. at 200-01 (quoting Mitchell, 472 U.S. at 526).  Thus, the Supreme Court "repeatedly

23  [has] stressed the importance of resolving immunity questions at the earliest possible stage in

24  litigation."  Id. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).

25       Assessing qualified immunity is a two-step process.  Id. at 201.  First, a court must

26  consider whether "[t]aken in the light most favorable to the party asserting the injury, [] the

27  facts alleged show the officer's conduct violated a constitutional right."  Id. at 201. Second, the

28  allegedly-violated right must be clearly established such that "it would be clear to a reasonable

9

1  officer that his conduct was unlawful in the situation he confronted." Id. at 201-02.  If an officer

2  makes a reasonable mistake as to what the law requires – i.e. the right is not clearly established

3  – the officer is entitled to immunity.  Id. at 202-03.  Courts may "exercise their sound discretion

4  in deciding which of the two prongs of the qualified immunity analysis should be addressed first

5  in light of the circumstances in the particular case at hand."  Pearson v. Callahan, 555 U.S. 223,

6  236 (2009).

7         As set forth above, the Court has recommended that the Eighth Amendment claim

8  asserted against Defendant Battad be dismissed without prejudice for failure to state a claim.

9  Because Plaintiff has failed to allege a viable claim against Defendant Battad, the Court is unable

10 to evaluate whether Defendant Battad is entitled to qualified immunity for the alleged conduct.

11 Unless and until Plaintiff alleges a constitutional violation, there can be no determination

12 regarding the applicability of qualified immunity. As stated by the Supreme Court, "if no

13 constitutional right would have been violated were the allegations established, there is no

14 necessity for further inquiries concerning qualified immunity" Saucier, 533 U.S. at 201; see also

15 Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir. 2002); and Wheeler v. Marengo, 2019

16 WL 5963914, at *6 (S.D. Cal., Nov. 13, 2019) (finding that "it would be premature at this early

17 stage to recommend granting or denying Defendants' qualified immunity defenses on the merits"

18 if the court granted plaintiff leave to amend after dismissing the complaint and recommending

19 that the request to dismiss for qualified immunity be denied without prejudice "subject to full

20 consideration at a later date on a more developed record—at least until Plaintiff's claims are

21 more concretely stated."); Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004))

22 (recognizing that "while 'government officials have the right ... to raise ... qualified immunity

23 defense on a motion to dismiss, the exercise of that authority is not a wise choice in every

24 case"). Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's

25 claim against Defendant Battad on qualified immunity grounds be **DENIED WITHOUT**

26 **PREJUDICE**.

27         3.      Retaliation - Defendant Arizaga

28 Plaintiff alleges that Defendant Arizaga retaliated against him for filing complaints against

10

1  Defendant Battad. Compl. at 4. Specifically, Plaintiff asserts that Defendant Arizaga prevented

2  Plaintiff from going to work on July 5, 2019, the day after Plaintiff submitted a complaint

3  regarding Defendant Battad's sexual harassment. Id. When asked why he could not go to work,

4  Defendant Arizaga responded that it was because of what happened with Defendant Battad. Id.

5  These allegations could potentially state a claim as prisoners have a constitutional right

6  to file complaints or grievances against prison officials without being retaliated against for doing

7  so. Watison v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012). In order to state a retaliation

8  claim, however, Plaintiff must assert facts showing that (1) Defendant Arizaga took adverse

9  action against him (2) because of (3) Plaintiff's protected conduct (the complaint against

10 Defendant Battad), and that such action (4) chilled the exercise of Plaintiff's First Amendment

11 rights, and (5) the action did not reasonably advance a legitimate correctional goal. Id.; see

12 also Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). "At the pleading stage, the

13 'chilling' requirement is met if the 'official's acts would chill or silence a person of ordinary

14 firmness from future First Amendment activities.'" Walker v. California Dep't of Corr., 2014 WL

15 268525, at *2 (E.D. Cal. Jan. 22, 2014) (citing Rhodes, 408 F.3d at 568 quoting Mendocino

16 Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)). Direct and

17 tangible harm will also "support a First Amendment retaliation claim even without demonstration

18 of a chilling effect on the further exercise of a prisoner's First Amendment rights." Id. (citing

19 Rhodes, at 568). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he

20 alleges he suffered some other harm" as a retaliatory adverse action. Id. (quoting Brodheim v.

21 Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568, n. 11)). That the

22 retaliatory conduct does not keep a plaintiff from suing the alleged retaliator does not defeat

23 the retaliation claim at the motion to dismiss stage. Watison, 668 F.3d at 1114–15 (citing

24 Rhodes, 408 F.3d at 569).

25 Here, Plaintiff has failed to assert facts sufficient to survive Defendants' motion to dismiss.

26 Compl. Specifically, Plaintiff has failed to allege facts demonstrating that Defendant Arizaga

27 took an adverse action against him because he engaged in a protected activity. Id. Plaintiff has

28 alleged that 1) Defendant Arizaga prevented him from going to work on July 5, 2019, one day

11

after he submitted a 602 complaint regarding Defendant Battad's conduct; 2) Defendant Arizaga said that the reason Plaintiff could not work was "because what happened yesterday[;]" and 3) after Defendant Arizaga prevented Plaintiff from going to work, Plaintiff told Defendant Arizaga about Defendant Battad's sexual harassment and Defendant Arizaga still would not allow Plaintiff to work. Id. at 4. These allegations are insufficient because Plaintiff does not allege facts demonstrating that Defendant Arizaga was aware of the 602 complaint. Additionally, Plaintiff states that the reason Defendant Arizaga gave Plaintiff regarding his inability to go to work was because of what happened with Defendant Battad yesterday, but does not specify what that was. While it could have been the filing of a 602 complaint against Defendant Battad, the complaint does not so state.[2] Id. Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss for failure to state a retaliation claim against Defendant Arizaga be **GRANTED WITH LEAVE TO AMEND**.[3]

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) directing that Judgment be entered **GRANTING** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim against Defendant Battad with leave to amend and Defendants' motion to dismiss for failure to state a retaliation claim against Defendant Arizaga with leave to amend, and (3) **DENYING** Defendants' motion to dismiss Plaintiff's claim against Defendant Battad on qualified immunity grounds without prejudice.

**IT IS ORDERED** that no later than **February 26, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be

---

[2] If Plaintiff is alleging that he was retaliated against for refusing Defendant Battad's sexual advances, his claim still fails as Plaintiff provides no authority or law for the proposition that refusing sexual advances is a protected activity under the First Amendment.

[3] The Court notes that Defendants did not move to dismiss Plaintiff's retaliation claim against Defendant Battad. See MTD and Compl. Accordingly, the Court has not reviewed the issue and Plaintiff's retaliation claim against Defendant Battad remains.

19CV1438-AJB(BLM)

captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 18, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated: 1/30/2020

Hon. Barbara L. Major
United States Magistrate Judge

19CV1438-AJB(BLM)